UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIAMI DIVISION

SALLY COURTNEY,

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, SALLY COURTNEY, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages in excess of $75,000.00, exclusive of interests and costs.

2. Plaintiff, SALLY COURTNEY, is *sui juris*, and a citizen and resident of the state of Louisiana.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about March 27, 2017, the Plaintiff was injured aboard Defendant's cruise ship TRIUMPH as a result of an unreasonably slippery passenger deck

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL TRIUMPH.

## COUNT ONE-NEGLIGENCE IN MAINTAINING THE DECK

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On or about the aforesaid date, Plaintiff suffered serious personal injury which required surgery while she was aboard TRIUMPH by reason of an unreasonably dangerous and slippery floor surface on the Pool Deck near a buffet area.

15. Defendant CARNIVAL actively participated in the design and construction of the TRIUMPH. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the flooring which caused Plaintiff's injury and chose or participated in choosing the materials such as the flooring where the incident occurred and/or approved of the design, construction and materials of the deck.

16. Defendant contracted with design firms to design and construct the floor where this and other substantially similar incidents have occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner, had the ultimate ability to reject or accept the design, construction and materials chosen, including the flooring on the floor where this incident occurred.  However, CARNIVAL chose to approve the design, selection and construction of the deck.

17. In addition or in the alternative thereto, CARNIVAL is guilty of inadequate maintenance of the pool deck where this incident occurred.

18. In this case, the floor was unreasonably slippery and dangerous.  No warning signs or cones had been placed in the area alerting Plaintiff to the dangerous nature of the walking surface.

19. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

a. Failing to properly maintain a floor on a passenger deck in a reasonably safe and non-slippery condition, and/or;

b. Failing to properly design a floor on a passenger deck in a reasonably safe condition, and/or;

c. Failing to properly and safely warn Plaintiff of the dangers of walking on a floor on a passenger deck, and/or;

d. Failing to properly and safely train deck employees in the care and maintenance of a floor on a passenger deck, and/or;

e. Failing to conduct routine safety inspections on a floor on a passenger deck, and/or;

f. Failing to assign a sufficient number of crew members to keep a floor on a passenger deck in a clean and dry condition, and/or;

g. Failing to specify flooring in the design, construction, inspection and approval process during and after design and construction of the ship which was and is reasonably safe in the circumstances, and/or;

h. Choosing and approving a flooring surface for a passenger deck which was not reasonably safe in the circumstances and was unreasonably slippery when wet, and/or;

i. Failing to take reasonable steps to eliminate food contaminants from falling on the walking surface where Plaintiff slipped and fell, and/or;

j. Failing to place non-slip mats on a slippery walking surface which would eliminate a known hazard, and/or;

k. Failing to use or properly apply appropriate and safe cleaning materials to a pool floor or

deck, and/or;

20. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to slip and fall on the Lido Deck which was wet and slippery near a buffet area.

21. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

22. At all times material, Plaintiff was acting with due care for her own safety by walking carefully and watching where she was going.

23. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

24. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and loss of earning capacity. Plaintiff suffered a fractured ankle among other injuries. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

25. Plaintiff reavers and realleges Paragraphs 1-12 and 19 as if set forth herein.

26. Defendant CARNIVAL actively participated in the design and construction of the TRIUMPH. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the tile flooring which caused Plaintiff's injury and chose or participated in choosing the materials such as the flooring/decking where the incident occurred

27. Defendant contracted with design firms to design and construct the floor where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner, had the ultimate ability to reject or accept the design, construction and materials used on the Pool Deck where Plaintiff slipped and fell.

28. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design flooring on the Pool Deck which was and is reasonably safe in the circumstances.

29. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous.

30. As a result of the negligence of the Defendant as aforesaid, the Plaintiff slipped and fell on an unreasonably slippery deck and was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and loss of earning capacity. Said

personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

31. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment Interest and costs.

## COUNT III-FAILURE TO WARN

32. Plaintiff reavers and realleges Paragraphs 1-12 and 19 as if set forth herein.

33. The Plaintiff was seriously injured when she was caused to slip and fall on the floor on the Pool Deck. The Plaintiff did not know the deck was unreasonably and dangerously slippery prior to her slipping and falling and being injured.

34. In this case, no warning signs or cones had been placed in the area alerting Plaintiff to the dangerous nature of the walking surface.

35. At all times material, Plaintiff was acting with due care for her own safety by walking carefully and watching where she was going.

36. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

37. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that the deck was unreasonably and dangerously slippery.

38. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of

earnings and a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

39. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

DATED this 22nd day of March, 2018.

        HOFFMAN LAW FIRM
        PAUL M. HOFFMAN, ESQUIRE
        2881 East Oakland Park Boulevard
        Fort Lauderdale, FL 33306
        Telephone: (954) 707-5040

        */s//Paul M. Hoffman, Esq.*
        PAUL M. HOFFMAN
        Florida Bar No: 0279897